UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| | : | Case No.    1:11CR00017 |
| | : | |
| **KEVIN LUNSFORD** | : | |
| | : | |
| | : | |

### United States' Motion to Dismiss in Response to Petitioner's Motion for Relief Pursuant to Title 28, United States Code, Section 2255

The United States of America, by counsel offers the following in response to the motion for relief pursuant to 28 U.S.C. §2255 filed in the above-styled case. The United States asserts that Lunsford is not entitled to the relief requested because his motion pursuant to 28 U.S.C. § 2255 was filed outside of the time limits established in 28 U.S.C. § 2255(f). Furthermore, Lunsford fails to state a claim upon which relief can be granted.

### FACTS AND PROCEDURAL HISTORY

Kevin Lee Lunsford ("Petitioner") was indicted on May 3, 2011, in a multi-count Indictment in the United States District Court for the Western District of Virginia charging offenses related to enticement of a minor to engage in sexual activity. Petitioner entered into plea negotiations and signed a plea agreement agreeing to plead guilty to Count Three of the Indictment, namely, transportation of a minor in interstate commerce with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). *See* Doc. 15. On October 19, 2011, Petitioner entered a plea of guilty to Count Three of the Indictment. *See* Doc. 19. On January 9, 2012, a sentencing hearing was held and Petitioner was sentenced to 120 months imprisonment.

1

*See* Doc. 22 & 23.  No notice of appeal was filed with the United States Court of Appeals for the Fourth Circuit.

Lunsford filed his petition for habeas relief on April 11, 2016, in the United States District Court for the Western District Virginia pursuant to 28 U.S.C. § 2255.  This was more than four years after the petitioner's time to file a motion pursuant to 28 U.S.C. § 2255 had expired.

**Argument**

A prisoner has one year to file a motion for relief pursuant to 28 U.S.C. § 2255, and that one year period begins from the date the judgment becomes final.  28 U.S.C. § 2255(f).  The judgment becomes final when the defendant no longer has an opportunity to appeal.  *United States v. Clay,* 537 U.S. 522, 524-532 (2003).  Additionally, if a motion for relief appears to be untimely, the district court may provide a petitioner with an opportunity to present evidence and argument to convince the court that an untimely filing should be allowed.  *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).  If the petitioner fails to present an adequate showing justifying the untimely filing of his motion, the court may dismiss the motion as being untimely.  *Id.*

> [E]quitable tolling is available only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* It is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000).

*Spencer v. Sutton*, 239 F.3d 626, 629-30 (4th Cir. 2001).

In this case, Petitioner's conviction became final on January 24, 2012.  Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2255 was not filed until April 11, 2016, more than four years after his time to file said motion had expired.

Petitioner's only grounds for relief and for filing his motion out of time is his reliance upon *Johnson v. United States*, 135 S. Ct. 2551 (2015) and a claim that this decision calls into question the guidelines used to sentence Petitioner. However, the Supreme Court's opinion in *Johnson* has no effect or relevancy to Petitioner's case.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that ACCA's residual clause, *i.e.*, the provision that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), is impermissibly vague and, therefore, imposing an increased sentence under the residual clause "violates the Constitution's guarantee of due process."[1] The career offender guideline's residual clause uses the same language that *Johnson* held was impermissibly vague because it "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." 135 S. Ct. at 2558. Courts of appeals have held that ACCA's residual clause and the guideline's residual clause found in the Career Offender guidelines, U.S.S.G. §4B1.2, must be interpreted in the same way and have applied decisions interpreting the two provisions interchangeably. See, *e.g.*, *United States v. Velázquez*, 777 F.3d 91, 94-98 & n.1 (1st Cir. 2015) (interpreting guideline using "ordinary case" analysis that *Johnson* found "speculative" and unreliable); *United States v. Travis*, 747 F.3d 1312, 1314-1317 & n.2 (11th Cir. 2014) (applying *James* and *Sykes* in interpreting guideline); *United States v. Boose*, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014) (court construes ACCA "violent felony" and guidelines "crime of violence" as "interchangeable"); *United States v. Meeks*, 664 F.3d 1067, 1070-1072 & n.1 (6th Cir. 2012) (same analysis applies to ACCA and guidelines); *United States v. Griffin*, 652 F.3d 793, 802 (7th Cir. 2011) ("the definition of 'violent felony' under the ACCA is the same as the definition of

---

[1] The relevant ACCA subsection, in full, defines a "violent felony" as an offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C § 924(e)(2)(B)(ii).

'crime of violence' in section 4B1.2 of the guidelines, and it would be inappropriate to treat identical texts differently just because of a different caption") (internal punctuation marks omitted).

In Petitioner's case, he was neither an Armed Career Criminal nor was he a Career Offender. Likewise, his case utilized U.S.S.G. §2G1.3, which requires the court to apply specific facts resulting from Petitioner's conduct in the case in order to make the appropriate guidelines' calculations. In *Johnson*, the Court distinguished provisions whose application depends on the defendant's actual conduct, stating that it "d[id] not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." *Johnson*, 135 S. Ct. at 2561. The Court enumerated several factors unique to the residual clause that combined to render the provision a "black hole of confusion and uncertainty," *id.* at 2562, including that the residual clause required courts to evaluate the degree of risk in a hypothetical "ordinary case," without accounting for "real-world facts." *Id.* at 2557. Nothing in *Johnson* suggests that guidelines provisions that require courts to assess a defendant's actual conduct are unconstitutionally vague. See, *e.g.*, *United States v. Maurer*, 639 F.3d 72, 78 n.4 (3d Cir. 2011) (rejecting vagueness challenge to child pornography guideline's enhancement for depictions of "sadistic or masochistic conduct" based on "the facts of [defendant's] specific case").

Even if some marginal applications of a guidelines provision may raise difficult questions, that does not facially invalidate the provision. While *Johnson* held that a statute may be facially vague even though "there is some conduct that clearly falls within the provision's grasp," 135 S. Ct. at 2561, it did not hold that any possibility of a vague application requires finding a statute or guideline void for vagueness. Facial vagueness challenges should be

reserved for statutes or guidelines that "simply ha[ve] no core," "in the sense that no standard * * * is specified at all." *Smith v. Goguen*, 415 U.S. 566, 577-578 (1974).

Guidelines provisions that require application of a general standard to a particular set of facts readily meet due process standards. As recognized in *Johnson*, such directives are typical of the sentencing process, and, indeed, the enforcement of criminal law. *Johnson*, 135 S. Ct. at 2561 (stating "'the law is full of instances where a man's fate depends on his estimating rightly some matter of degree'") (quoting *Nash v. United States*, 229 U.S. 373, 377 (1913)); see *Koon v. United States*, 518 U.S. 81, 113 (1996) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.").

For the foregoing reasons, the government respectfully asks this court to dismiss Petitioner's Motion for Relief Pursuant to Title 28, United States Code, Section 2255, based upon the fact that it was untimely filed and due to the fact that he fails to state grounds upon which relief can be granted.

Respectfully submitted,

JOHN P. FISHWICK, JR.
United States Attorney

/s/ Zachary T. Lee
Zachary T. Lee, VSB 47087
Assistant United States Attorney
180 West Main Street
Abingdon, Virginia 24210
(276) 628-4161
(276) 628-7399 (Fax)

5

USAVAW.ECFAbingdon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Monday, June 20, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. I also hereby certify that I caused to be mailed a copy of this motion to the defendant:

Kevin Lee Lunsford
15467-035
FCI Ashland
PO Box 6001
Ashland, KY 41105

/s/ Zachary T. Lee
Assistant United States Attorney