# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:11CR00017 |
| v. | ) | **OPINION** |
| **KEVIN LEE LUNSFORD,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia for United States; Kevin Lee Lunsford, Pro Se Defendant.*

Kevin Lee Lunsford, previously sentenced by this court following his conviction for transportation of a minor in interstate commerce with the intent to engage in criminal sexual activity, 18 U.S.C. § 2423(a), has filed a motion under 28 U.S.C. § 2255, contending that his sentence is invalid. For the reasons that follow, I will deny the motion.

I.

A grand jury returned a multi-count Indictment against Lunsford charging him with: (1) traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) ("Count One"); (2) using a facility of interstate commerce to knowingly persuade a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) ("Count Two); and (3) transporting a

minor in interstate commerce with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) ("Count Three").

Lunsford pleaded guilty pursuant to a written Plea Agreement to Count Three of the Indictment. Plea Agreement 1, ECF No. 15. The Plea Agreement stipulated that, with regard to his advisory guideline range, he had a base offense level of 28, a two-point enhancement for use of a computer to induce a minor to engage in prohibited sexual conduct, United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 2G1.3(b)(3), and a two-point enhancement for committing an offense involving the commission of a sex act, U.S.S.G. § 2G1.3(b)(4). *Id*. at 4. In exchange, the government agreed to dismiss the remaining counts. *Id*. at 2. On October 19, 2011, Lunsford pleaded guilty pursuant to the Plea Agreement.

The probation office prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing. In accordance with the Plea Agreement, the PSR recommended a total offense level of 29 (which included a two-point enhancement for use of a computer and a two-point enhancement for commission of a sex act as well as a three-point reduction for acceptance of responsibility) and a criminal history category of I, resulting in an advisory guideline range of 87 to 108 months' imprisonment. PSR ¶ 44, ECF No. 26. However, the statutory mandatory minimum and maximum sentence for Count Three was 120 months to life in

prison. *Id*. at ¶ 43; 18 U.S.C. § 2423(a). Accordingly, his advisory guideline sentence became 120 months. U.S.S.G. § 5G1.1(b) (where a statutorily required minimum sentence is greater than the maximum of the applicable advisory guideline range, the advisory guideline sentence becomes the statutorily required minimum sentence). I sentenced Lunsford to 120 months' imprisonment. J. 2, ECF No. 23. He did not appeal.

Lunsford filed his § 2255 motion on April 11, 2016, alleging that his sentence is constitutionally deficient following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Pursuant to Standing Order 2015-5, the Federal Public Defender ("FPD") was appointed to represent Lunsford. The FPD has declined to file additional briefing on Lunsford's behalf. Notice 1, ECF No. 34.

II.

A petition under § 2255 must adhere to strict statute-of-limitations requirements. A person convicted of a federal offense generally must file a § 2255 motion within one year of the final judgment of conviction. 28 U.S.C. § 2255(f)(1). However, the statute recognizes an additional one-year limitations period when the Supreme Court recognizes a new right retroactively applicable on collateral review. *Id*. at § 2255(f)(3).

Lunsford did not file within one year of his final judgment, which was entered on January 9, 2012, and so his claims are untimely under § 2255(f)(1). Nonetheless, Lunsford argues that his petition is timely under § 2255(f)(3) because he filed his motion within one year of the Supreme Court's decision in *Johnson*, which announced a new rule of constitutional law that applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). However, Lunsford is not entitled to an extended limitations period because *Johnson* does not affect his case.

In *Johnson*, the Supreme Court interpreted a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). It determined that the so-called "residual clause," which provides that "any crime . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague because it was unclear how to assess that risk. 135 S. Ct. at 2564 (quoting 18 U.S.C. § 924(e)(2)(B)). Lunsford was not sentenced under the ACCA. He pleaded guilty to a sex crime under 18 U.S.C. § 2423(a). That statute criminalizes specific conduct, and does not include any vague language similar to that struck down in the ACCA.[1] Lunsford also argues that *Johnson*

---

[1] The text of the statute under which Lunsford pleaded guilty provides:

(a) Transportation with intent to engage in criminal sexual activity.--
A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth,

invalidates the United States Sentencing Guidelines that were used to calculate his advisory guideline range. Again, this claim lacks merit. First, it is not settled whether the holding of *Johnson* applies to the Guidelines, even Guidelines with identically worded residual clauses, such as the career offender provision, U.S.S.G. § 4B1.2. But even assuming, *arguendo*, that *Johnson* applies to the Guidelines, Lunsford was not sentenced as a career offender. The Guidelines used to determine his advisory guideline range do not include unclear wording. To the contrary, the Guideline setting his base offense level refers only to § 2423, the statute under which Lunsford pleaded guilty. U.S.S.G. § 2G1.3(a)(3) (noting that the defendant's base offense level is "28, if the defendant was convicted under 18 U.S.C. § 2422(b) or § 2423(a)").

Moreover, the enhancements applied to his base offense level, for use of a computer to induce a minor to engage in prohibited sexual conduct, U.S.S.G. § 2G1.3(b)(3)[2], and commission of a sex act, U.S.S.G. § 2G1.3(b)(4)[3], prohibit

---

territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life

18 U.S.C. § 2423(a).

[2] The text of the Guideline reads:

If the offense involved the use of a computer or an interactive computer service to (A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct; or (B) entice, encourage,

- 5 -

specific conduct and do not require the courts to engage in "guesswork" regarding the contours of a "shapeless . . . provision." *Johnson*, 135 S. Ct. at 2560. Accordingly, *Johnson* had no effect on his sentence and his petition is untimely.

III.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: February 24, 2017

/s/ James P. Jones
United States District Judge

---

offer, or solicit a person to engage in prohibited sexual conduct with the minor, increase by 2 levels.

U.S.S.G. § 2G1.3(b)(3).

[3] The text of the Guideline reads:

If (A) the offense involved the commission of a sex act or sexual contact; or (B) subsection (a)(3) or (a)(4) applies and the offense involved a commercial sex act, increase by 2 levels.

U.S.S.G. § 2G1.3(b)(4).